
Denise Subramaniam  
c/o D. Guite  
25219 Village 25  
Camarillo, CA 93012  
Tel: (503) 764-5300  
Plaintiff, Pro Se

FILED 13 OCT '17 10:43USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DENISE SUBRAMANIAM,<br>                       PLAINTIFF<br><br>v.<br><br>MICHAEL W. MOSMAN<br>                       DEFENDANT | CASE NUMBER:<br>3:17-cv-1626-YY |
| FILED CONCURRENTLY WITH:<br>  EXHIBIT 1: Perjured Dana Lantry Declaration<br>  EXHIBIT 2: Instrument #2006-077542<br>  EXHIBIT 3: Instrument #2006-077543<br>  EXHIBIT 4: Instrument #2006-077544<br>  EXHIBIT 5: Instrument #2008- 073971<br>  EXHIBIT 6: Instrument #2008- 073972 | CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C. § 1983<br>and<br>*Bivens v. Six* Unknown Agents, 403 U.S. 388 (1971)<br><br>JURY DEMANDED |

Comes now Plaintiff, Denise Subramaniam, self-represented, and for her Complaint against Defendant Michael W. Mosman she alleges as follows:

JURISDICTION

1.     This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331(a). Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

## PARTIES

2. Plaintiff Subramaniam is an individual who is a citizen of Oregon, county of Washington.

3. Defendant Michael W. Mosman is an individual who is a citizen of Oregon. He is a federal judge but is not being sued in his capacity as a judge but as a private citizen.

## REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

4. This complaint arises from circumstances specific to Plaintiff being a disabled senior citizen and unable to afford counsel. As a result she was vulnerable to exploitation and discrimination. Defendant Mosman deprived Plaintiff of her constitutional rights to due process of law and equal protection of law by acting outside the role of a judge in summary judgment as mandated by the United States Supreme court in *Tolan v. Cotton* 572 U. S. ____ (2014). He made a determination of fact and granted the moving party summary judgment based solely on a perjured declaration proffered by LNV's Counsel. His decision went against the preponderance of evidence and was contrary to the Constitution and laws of the United States. Hence he acted as a private citizen outside the constitutional scope of his judicial office of public trust and is not shielded from personal liability by judicial immunity. He deprived Plaintiff of her property, her life quality and her civil rights causing her to suffer extraordinary injuries. The risk that Plaintiff will be deprived of her civil rights again without appointment of counsel warrants appointment of pro bono counsel for the duration of the case.

## CLAIM FOR RELIEF

5. Plaintiff repeats and re-alleges Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. Plaintiff is the rightful owner of residential property valued at $515,000 located at 13865 SW Walker Road, Beaverton Oregon. On 11/18/2014 LNV Corporation ("LNV") brought a wrongful

foreclosure action against Plaintiff in the U.S. District Court of Oregon, Case 3:14-cv-01836-MO. LNV lacked Article III standing to bring the action. Defendant Mosman presided over that case.

7. LNV filed a motion for summary judgment. At a hearing on July 8, 2015 to determine whether Plaintiff (defendant in that case) should be allowed discovery Judge Mosman acknowledged:

> Case: 15-35963, 08/26/2016, ID: 10101730, DktEntry: 51, Page 2 of 9
>
> "Well, if she's in default on a note that's forged, then she's *not* in default in a way that matters... right? You have to have an authentic note for her to be in default on it, don't you? Isn't that sort of the *basic* foundation of foreclosure?"
>
> Hon. Chief Judge Michael W. Mosman
> Status Conference, July 8, 2015
> District Court Transcript
> 9thCCA.Dkt. 47, Exh. A, p. 16

*Case 3:14-cv-01836-MO; Document 92-1, Filed 09/03/15 Transcript*

8. Plaintiff viewed and took photographs of the document LNV purports is the "original" Note. She observed numerous characteristics indicating it was a forgery. Among those characteristics was an undated endorsement on the back of the last page of the document bearing the signature of Dana Lantry as Vice President of People's Choice Home Loans ("People's"). This was the **only** signature on the document where an indent on the reverse side of the paper could be clearly seen. It appeared to have been recently made and if the document was original as LNV claimed Lantry's signature would be more than a decade old. Attached to LNV's purported "original" Note was an undated allonge also endorsed by Dana Lanty as Vice President of People's conveying the Note to **Residential Funding Company LLC.** ("RFC-LLC"). Photocopies of these documents were included as exhibits to the perjured declaration of Dana Lantry attached hereto as Exhibit 1. (See pages 9 & 10.) Plaintiff's photographs were included in

Case 3:14-cv-01836-MO, Document 93, Page 10, Filed 09/04/15. Due process dictates that the Note should have been forensically examined by a qualified professional.

9. Attached hereto as <u>Exhibit 2</u> is an assignment of Deed of Trust recorded on June 28, 2006 with the Washington County Oregon Recorder's office as instrument # 2006-077542. It too was endorsed by Dana Lantry but as **<u>Assistant</u>** Vice President of People's. The Note and Deed of Trust ("DOT") was assigned via this recorded instrument to **Homecomings Financial Network Inc.** ("Homecomings") on **12/29/2005**. (See Case 3:14-cv-01836-MO, Document 93, page 14, Filed 09/04/15)

10. Recorded assignment # 2006-077542 and the undated allonge cannot both be valid. One conveys the Note and DOT to **HOMECOMINGS** while the other conveys the Note to **RFC-LLC**. Prima facie facts on the recorded instrument not refutable. Defendant Mosman knew or should have known the weight of this evidence tipped towards Plaintiff's position that the Note was forged.

11. Recorded instrument # 2006-077542, the Dana Lantry endorsed assignment to **Homecomings** was willfully **omitted** from Dana Lantry's declaration (see <u>Exhibit 1</u>). Any reasonable person would conclude that LNV's Counsel willfully conspired with Lantry to misrepresent the facts with intent to deceive and defraud Plaintiff. The appearance is that Defendant Mosman may have been a willing participant in their scheme because of the overwhelming preponderance of evidence pointing to LNV's lack of standing that he chose to ignore.

12. The discrepancies between prima facie facts on the Dana Lantry endorsed Note, allonge and recorded assignment # 2006-077542 are obvious and give rise to material facts that should have defeated LNV's motion for summary judgment; and would have except for Defendant Mosman's failure to perform his fiduciary duty under the Constitution and laws of the United States; and but for his bias against Plaintiff.

13. Unrepresented by counsel Plaintiff did her best under daunting circumstances to present her case. She was not prepared for the chicanery of LNV's Counsel who exploited her naiveté to obtain the perjured declaratory testimony of Dana Lantry. Defendant Mosman knew or should have known she was disadvantaged against an attorney. Plaintiff objected to the Lantry declaration and provided ample evidence to discredit her testimony. Due process of law dictates that Plaintiff has an opportunity to cross examination Dana Lantry. Defendant Mosman knew this or should have known this.

14. On 10/9/2015 Defendant Mosman issued a scheduling order (Doc. 109) giving Plaintiff thirty (30) days to get an affidavit from Dana Lantry. On 10/14/2015 he stuck that order. On **10/16/2015** Defendant Mosman granted summary judgment to LNV causing Plaintiff to lose her home of 20 years valued at $515,000 as well as personal property valued at $35,000. He caused her to suffer unimaginable mental anguish and distress. He knew, or should have known; Plaintiff questioned the authenticity of each endorsement on the note, allonges **AND** recorded instruments.

15. Pursuant to Uniform Commercial Code Articles 3 and 9 and *In re Veal*, 450 BR 897, 911 (B.A.P. 9th Cir. 2011) LNV is required to authenticate each endorsement in the conveyance chain once the endorsements are questioned. The endorsements on LNV's questioned "original" Note and allonges when compared to the endorsements on the following recorded instruments show it is impossible for LNV to have Article III standing to foreclose on Plaintiff's property:

>Instrument #2006-077542, recorded 6/28/2006, executed 12/29/2005 (See Exhibit 2);
>Instrument #2006-077543, recorded 6/28/2006, executed 3/18/2006 (See Exhibit 3);
>Instrument #2006-077544, recorded 6/28/2006, executed **6/27/2006** (See Exhibit 4);
>Instrument #2008- 073971, recorded 8/27/2008, executed **4/3/2006** (See Exhibit 5);
>Instrument #2008- 073972, recorded 8/27/2008, executed 3/10/2006 (See Exhibit 6).

16. Three of the above instruments were recorded on **6/28/2006**: 1) Instrument #2006-077542, the Dana Lantry endorsed assignment from Peoples to **HOMECOMINGS.** 2) Instrument #2006-077543,

a substitution of trustee executed on **3/18/2006** that names **HOMECOMINGS** beneficiary of the DOT. 3) Instrument #2006-077544, a notice of default in behalf of beneficiary **HOMECOMINGS** executed on **6/27/2006**. A trustee sale was scheduled for **11/3/2006** in behalf of **HOMECOMINGS**. This indisputable recorded evidence with numerous letters and other documents in Plaintiff's possession show **Homecomings was the beneficiary until at least January 2007**.

17. Two of the above referenced instruments were recorded on **8/27/2008** by MGC Mortgage Inc., owned by D. Andrew Beal, who also owns LNV: 1) Instrument #2008- 073971, an assignment that purports to convey the Note and DOT from **HOMECOMINGS** to **RFC-LLC** on **4/3/2006**. 2) Instrument #2008- 073972 an assignment that purports to convey the same from **RFC-LLC** to **LNV** on 3/10/2008 **before** LNV was incorporated in Nevada and Texas.

18. Instrument #2008- 073971 cannot be valid because **HOMECOMINGS** was the beneficiary of the Note and DOT on **6/27/2006** as per irrefutable prima facie facts on the three earlier instruments: #2006-077542, #2006-077543 and #2006-077544. THEREFORE both instruments recorded by MGC in 2008 are false and void. This is only a small portion of the convincing evidence Plaintiff submitted to the court to refute LNV's standing to foreclose that Defendant chose to ignore.

19. Plaintiff in affidavit testimony informed Defendant Mosman that she received a phone call from Denise Price at the executive offices of JPMorgan Chase ("Chase") on 9/3/2015. Plaintiff's mortgage was securitized into the Bear Stearns 2004-HE4 Trust as evidenced by the stamp above Dana Lantry's signature on the Note. Plaintiff inquired with Chase as successor to Bear Stearns about the canceled stamp on the "Pay to the Order Of" line above Dana Lantry's signature. Ms. Price called her in response to Plaintiff's written inquiry and told her that the endorsement is NOT in Chase's archived records. If Lantry's endorsement is not in Chase's archives it had to be put on the Note AFTER the DOT and Note were conveyed to Homecomings on 12/29/2005 per prima facie facts on instrument # 2006-

077542 giving weight to Plaintiff's contention that LNV's Note is a forgery. (See Case 3:14-cv-01836-MO. Document 92-1, Filed 09/03/15). Due process dictates that Plaintiff have further discovery to obtain affidavits and other admissible evidence to prove these facts.

20.   Had Plaintiff been represented by counsel it is beyond doubt her counsel would have obtained such evidence as well as an affidavit from Dana Lantry specific to what she told Plaintiff in their 9/3/2015 phone conversation; and such counsel would have included all three documents bearing Lantry's signature as exhibits viewed by Lantry. As a pro se litigant Plaintiff was severely disadvantaged in obtaining this evidence. Defendant Mosman knew or should have known this.

21.   Defendant Mosman's failed to perform his fiduciary duty under the Constitution and laws of the United States. He gave no weigh to Plaintiff's irrefutable evidence and instead accepted as true the false perjured declaratory testimony of Dana Lantry even when Plaintiff objected and submitted an audio tape of their phone conversation that refuted Lantry's testimony. Had Defendant listened to the tape he would have known Lantry was lying.

22.   The U.S. Supreme Court precedence in *Tolan v. Cotton* makes clear the constitutional duty of a judge in summary judgment:

> *"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"*

23.   It is indisputable that Defendant Mosman knew a forged note meant that LNV lacked Article III standing to bring a foreclosure action against Plaintiff. (See Case 3:14-cv-01836-MO; Document 92-1, Filed 09/03/15.) Defendant Mosman knew there was a genuine issue for trial yet he willfully violated the Constitution and the laws of the United States and chose to make a determination of fact favoring the moving party knowing he would cause injury to Plaintiff and deprive her of her rights to due process of law and equal protection of law under the Fifth and Fourteenth Amendment; and her right

to a jury trial under the Seventh Amendment to the United States Constitution. He acted outside the scope of his office of public trust and is not entitled to immunity from personal liability for the injuries he caused to Plaintiff.

24. Governmental actors are "shielded from liability for civil damages **if** their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Tolan v. Cotton* quoting *Hope v. Pelzer*, 536 U. S. 730, 739 (2002). [Emphasis added].

## PRAYER FOR RELIEF

25. Pursuant to 42 U.S.C. § 1983 Plaintiff is entitled to redress for the deprivation of her rights, privileges, and immunities secured by the Constitution and laws of the United States, and Defendant shall be liable to her as the party injured by his acts to so deprive her of those rights, privileges, and immunities. Defendant Mosman issued a summary judgment ruling in direct violation of the Constitution and the laws of the United States. That ruling is void. Plaintiff prays this Honorable Court issue an order to vacate and set aside the void summary judgment order; Case 3:14-cv-01836-MO, Document 111.

26. Plaintiff has suffered loss of property valued at $550,000; other extraordinary injuries; and severe emotional distress as a direct result of Defendant Mosman's deprivation of her civil rights. She prays this Honorable Court order Defendant to reimburse her for these injuries; vacate the void summary judgment order; (a lis lendens is recorded in Washington County so return of her real property will reduce Defendant's liability) and other relief deemed fair and just.

_[signature]_

Denise Subramaniam
Pro se

Dated: October 10, 2017